# IN THE SUPREME COURT OF IOWA

No. 20–0335

Submitted March 24, 2021—Filed April 23, 2021

**STATE OF IOWA,**

> Appellee,

vs.

**THOMAS DESHAWN HOLMES,**

> Appellant.

---

Appeal from the Iowa District Court for Black Hawk County, Bradley J. Harris, Judge.

The defendant appeals from a 2019 restitution order lacking a complete determination of his reasonable ability to pay. The State moves to dismiss his appeal under Senate File 457. **APPEAL DISMISSED.**

Waterman, J., delivered the opinion of the court, in which all justices joined.

R. Ben Stone of Parrish Kruidenier Dunn Gentry Brown Bergmann & Messamer L.L.P., Des Moines, for appellant.

Thomas J. Miller, Attorney General, Tyler J. Buller, Assistant Attorney General, Brian Williams, County Attorney, and Brad Walz, Assistant County Attorney, for appellee.

**WATERMAN, Justice.**

We must decide whether Senate File 457 (S.F. 457) requires dismissal of this appeal from a 2019 order that declined to modify the defendant's court-ordered restitution in a criminal case. *See* 2020 Iowa Acts ch. 1074, § 80 (codified at Iowa Code § 910.7 (2021)). The defendant, serving a life sentence, sought relief from court-ordered restitution on the grounds that the district court failed to determine his reasonable ability to pay certain items. The legislature enacted S.F. 457 while his appeal was pending. The State moved to dismiss this appeal pursuant to section 80 of S.F. 457. Meanwhile, the defendant asked the district court to determine his reasonable ability to pay; the district court stayed that request pending this appeal. We agree with the State that S.F. 457 requires dismissal of the appeal so that the defendant can proceed in district court pursuant to section 910.7 as amended.

## I. Background Facts and Proceedings.

On April 25, 2000, following a bench trial, Holmes was convicted of kidnapping in the first degree and robbery in the first degree. He was sentenced to life imprisonment on the kidnapping conviction and up to twenty-five years on the robbery conviction and ordered to pay restitution "[a]s later ordered." At the sentencing hearing, the district court ordered him to pay costs for his court-appointed attorneys but did not make an ability-to-pay-determination. On March 2, 2001, the district court entered a supplemental order requiring Holmes to pay $15,260 to the victim assistance program, $6,042.14 in court costs, and $25,453.60 in attorney fees. This order did not mention whether Holmes was reasonably able to pay these sums. The State of Iowa Department of Corrections (DOC) filed a restitution plan in which Holmes was required to pay 20% of his institutional accounts. Holmes's convictions and sentences were affirmed

on his direct appeal that year. *State v. Holmes*, No. 00–950, 2001 WL 1577584, at *1 (Iowa Ct. App. Dec. 12, 2001).

Holmes subsequently filed numerous challenges to his convictions and sentences, including several appeals. After one of these appeals concluded in August 2017, the district court notified Holmes that he could request an ability-to-pay determination for his court-appointed attorney fees. On October 5 of that year, the district court found that he "does not have the ability to pay attorneys fees."

Nearly two years later, on August 12, 2019, Holmes requested a restitution hearing pursuant to Iowa Code section 910.7 (2019). Holmes alleged that the State had failed to comply with the October 2017 court order finding that Holmes lacked a reasonable ability to pay attorney fees. He also argued that the amount ordered for victim restitution had been reimbursed (in part) by insurance and the DOC was wrongfully continuing to deduct 20% from his institutional accounts. Neither the October 2017 order nor any other order included an ability-to-pay determination regarding the court costs or payments to the victim assistance program. The district court conducted a telephonic hearing on September 23 in which Holmes represented himself.

The district court entered a ruling on October 9 that denied relief. The court stated that the 2017 order "was based upon the fact that defendant had previously been assessed in this matter attorney fees in excess of $25,000." The court noted that Holmes had "successfully followed the plan of payment arranged by the Department of Corrections during defendant's incarceration." The court concluded that Holmes had "the reasonable ability to pay those attorney fees previously assessed." The order did not mention other court costs or the amount assessed for the victim restitution program. Holmes filed a motion to enlarge seeking

a ruling on those matters. On October 25, the district court denied his motion to enlarge without deciding his reasonable ability to pay those items. Holmes appealed in November 2019, and we retained the appeal. S.F. 457 was enacted by the general assembly and signed by the Governor on June 25, 2020.[1] On July 31, Holmes filed a "Request for Reasonable Ability to Pay Determination for Category B Restitution," which the district court stayed pending resolution of this appeal. On September 8, the State filed a motion to dismiss this appeal. We submitted that motion with this appeal.

## II. Preservation of Error and Standard of Review.

The State argues that Holmes failed to preserve error because he did not "specifically request[] that the district court conduct a reasonable-ability-to-pay finding on court costs." We disagree. "Generally, error is preserved on an issue if (1) a party raises the issue before the district court, (2) the district court rules upon the issue, and (3) the party again raises the issue on appeal." *State v. Gross*, 935 N.W.2d 695, 698 (Iowa 2019). When the district court does not rule on the issue, a defendant may preserve error by filing a motion to enlarge. *Homan v. Branstad*, 887 N.W.2d 153, 161 (Iowa 2016). In his 2019 request for a restitution hearing, Holmes claimed the State of Iowa erred in failing to modify his restitution plan after the district court found in October 2017 that he lacked the ability to pay attorney fees *or court costs*. The district court's October 9, 2019 order did not address his alleged inability to pay court costs or payments to the crime victim assistance program. Holmes filed a motion to enlarge to resolve those issues and address whether the order

---

[1]Section 93 of S.F. 457 states: "Unless otherwise provided, this Act takes effect July 15, 2020." 2020 Iowa Acts ch. 1074, § 93. Section 83 provides that Division XIII "being deemed of immediate importance, takes effect upon enactment." *Id.* § 83.

was the "final order determining his reasonable ability to pay the costs." We find that Holmes preserved error.

"We review restitution orders for correction of errors at law." *State v. Waigand*, 953 N.W.2d 689, 694 (Iowa 2021) (quoting *State v. Jenkins*, 788 N.W.2d 640, 642 (Iowa 2010)).

**III. Analysis.**

On appeal, Holmes asks us to remand the case to the district court for an ability-to-pay determination in a final restitution order hearing. The State argues that section 80 of S.F. 457 deprives us of jurisdiction or authority to hear Holmes's appeal. Both sides seek the return of the case to the district court. We conclude that S.F. 457 requires dismissal of this appeal so that Holmes can proceed in district court.

We first addressed S.F. 457 in *State v. Hawk*. 952 N.W.2d 314 (Iowa 2020). Police officers stopped a vehicle operated by Hawk's son, who had run a stop sign. *Id.* at 315. Hawk was a passenger, and when the officers conducted a weapons pat down, they discovered methamphetamine in his pocket. *Id.* Hawk pled guilty to possession of methamphetamine with intent to distribute, and in October 2019, the court sentenced him and ordered him to pay court costs and attorney fees, which the district court found he was reasonably able to pay. *Id.* at 315–16. Hawk appealed his restitution order. *Id.* at 316. S.F. 457 was enacted while his appeal was pending. *Id.* We held that notwithstanding S.F. 457, we had jurisdiction to hear Hawk's appeal because the October 2019 order was a final restitution order with an ability-to-pay determination. *Id.* at 318. We affirmed the order. *Id.* at 321.

In contrast, more recently, in *State v. Dessinger*, we vacated a restitution order entered in 2018 because the district court had failed to determine the defendant's ability to pay her court costs and correctional

fees. ___ N.W.2d ___, ___ (Iowa 2021). The jury convicted the defendant of child endangerment, and the district court ordered the defendant to pay court costs, but because it found she was unable to pay the court-ordered attorney fees, ordered $0 in attorney fee reimbursement. *Id.* at ___. The district court also ordered her to pay correctional fees "as later assessed." *Id.* at ___. On our review, we agreed with the court of appeals' decision that the restitution order must be vacated because it lacked an ability-to-pay determination as to those items, and we remanded the case to the district court to apply the new procedures set forth in S.F. 457. *Id.* at ___. Holmes's situation is similar to *Dessinger*.

At the time of Holmes's sentencing in 2000, he was entitled to an ability-to-pay determination. *See* Iowa Code § 910.2 (1999) (limiting the court's restitution order of crime victim assistance reimbursement, court costs, and court-appointed attorney's fees "to the extent that the offender is reasonably able to pay"). The district court failed to determine his reasonable ability to pay at the time of sentencing. Rather, it included restitution "as later ordered." In its supplemental order, it still did not make an ability-to-pay determination. While it ultimately found him able to pay his attorney fees almost twenty years later, it never ruled as to whether he was able to pay other court-ordered costs and crime victim assistance reimbursement.

Holmes's 2019 restitution order, which lacked an ability-to-pay determination as to certain items, is subject to section 73 of S.F. 457 that provides:

> 1. All of the following, if entered by a district court prior to the effective date of this Act, shall be converted to permanent restitution orders:
> *a.* A temporary restitution order.
> *b.* A supplemental restitution order.

> *c.* A restitution order that does not contain a determination of the defendant's reasonable ability to pay the restitution ordered.
>
> 2. The only means by which a defendant may challenge the conversion of a restitution order is through the filing of a petition pursuant to section 910.7.
>
> 3. The provisions of this chapter, including but not limited to the procedures in section 910.2A, shall apply to a challenge to the conversion of an existing restitution order in the district court and on appeal.
>
> 4. A challenge to the conversion of an existing restitution order to a permanent restitution order shall be filed in the district court no later than one year from the effective date of this Act.

2020 Iowa Acts ch. 1074, § 73 (codified at Iowa Code § 910.2B (2021)). As we stated in *Hawk*, "[t]he purpose of section 910.2B is to make existing restitution orders immediately enforceable and to provide the mechanism by which a defendant can receive an ability-to-pay determination first from the district court." 952 N.W.2d at 318.

Section 73 of S.F. 457 became effective on June 25, 2020, converting Holmes's temporary order to a permanent order. 2020 Iowa Acts ch. 1074, § 83; *see also Dessinger*, ___ N.W.2d at ___. On July 31, Holmes requested an ability-to-pay determination in district court, but that court stayed the request pending resolution of this appeal. Accordingly, his remedies in district court have not been exhausted.

Under section 80 of S.F. 457, we are precluded from hearing this appeal:

> 4. An appellate court shall not review or modify an offender's plan of restitution, restitution plan of payment, or any other issue related to an offender's restitution under this subsection, unless the offender has exhausted the offender's remedies under this section and obtained a ruling from the district court prior to the issue being raised in the appellate courts.

2020 Iowa Acts ch. 1074, § 80 (codified at Iowa Code § 910.7(4) (2021)). Holmes's avenue for relief lies in district court. As we stated in *Dessinger*,

> Applying the new framework, Dessinger must first exhaust remedies before the district court before launching an appeal of a restitution order. . . . Under the circumstances, we think the proper resolution of Dessinger's appeal of the restitution order is to remand the case to the district court with instructions to allow Dessinger to follow the procedures required by section 910.2A and then hold a hearing under Iowa Code section 910.7 on the remaining restitution issues in this case.

___ N.W.2d at ___. The same disposition is required here.

**IV. Disposition.**

For those reasons, we must dismiss this appeal. The district court shall lift its stay and proceed with its determination of Holmes's reasonable ability to pay pursuant to Iowa Code section 910.7 (2021) and follow the procedures required by section 910.2A.

**APPEAL DISMISSED.**